**BERNSTEIN, Bruce A.**

v.

**The UNITED STATES of America and Secretary of the Air Force.**

**Civ. A. No. 85–0008.**

United States District Court,
E.D. Pennsylvania.

Oct. 13, 1988.

Louis Lipschitz, Philadelphia, Pa., for plaintiff.

Edward T. Ellis, Asst. U.S. Atty., for defendants.

### MEMORANDUM ORDER

CLIFFORD SCOTT GREEN, District Judge.

Plaintiff Bruce A. Bernstein ("Bernstein") is a former Senior Airman in the United States Air Force. Bernstein commenced this suit to expunge from his honorable discharge certificate received from the Air Force, the reference to drug abuse. Also, he seeks an order of reinstatement to the Air Force and backpay not in excess of $10,000. He asserts jurisdiction in this

court to award money damages pursuant to the Tucker Act, 28 U.S.C. § 1346 and to order the correction of his discharge certificate and to order reinstatement because of irregularities in the discharge procedure pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.* and federal question jurisdiction as provided by 28 U.S.C. § 1331.

Plaintiff enlisted in the Air Force on June 6, 1980. A urinalysis test conducted on June 3, 1982 disclosed the presence of THC indicating marijuana use. On July 14, 1982, the Air Force issued a letter to plaintiff notifying him that, as a consequence of the urinalysis test result, discharge proceedings were being instituted against him.

Plaintiff states in his complaint that Air Force officials promised that he would receive an honorable discharge, and therefore he signed a statement which in pertinent part states:

1. I have been notified by my commander that I am being recommended for discharge under AFM 39–12, Chapter 2 Section I, Paragraph 2–109, and of the specific reason(s) for the proposed discharge. I have also been notified that an airman recommended for discharge under Section I is entitled to request a waiver, in writing, of the following rights:

a. To present my case before an administrative discharge board.

b. To be represented by military counsel.

c. To submit statements in my own behalf.

2. I state that military counsel has been made available to me and that I have been notified of my right to employ civilian counsel if I so desire.

3. I hereby offer a conditional waiver of the rights associated with an administrative discharge board hearing (the condition being that I will be offered an honorable discharge). I will not be submitting statements in my own behalf.

4. I have voluntarily signed this statement and retained a copy thereof.

Directly above his signature and the signature of the Acting Area Defense Counsel is the following: The preceding statement of *SRA Bruce A. Bernstein, 208–44–2652* was his decision, signed by him following counseling by me and after he was advised of his rights and privileges.

In fact, plaintiff received an honorable discharge; however, the discharge contains a code to indicate that the reason for separation was plaintiff's "personal abuse of drugs other than alcohol."

On or about February 11, 1983 plaintiff signed an application for correction of military record under the provisions of Title 10 U.S.C. § 1552. His counseled application stated "I request the following correction of error or injustice: I desire to have my separation code changed to eliminate all references to 'personal abuse of drugs other than alcohol.'" In the next paragraph Bernstein stated his reason for believing the record to be in error or unjust as follows:

I desire to have my separation code changed so that it no longer indicates "personal abuse of drugs other than alcohol" because the statement is ambiguous, subject to misinterpretation and does not truly reflect the circumstances of my discharge. It also has caused me substantial harm in seeking present and future employment. I was also misled by JAG attorney prior to my charge when I was told that upon a discharge I would be eligible for unemployment compensation. I would not have accepted this discharge if I was aware of the serious consequences which followed.

I question the accuracy of the urinalysis upon which the authorities based their decision. I was never told that I could dispute that test. I did not think I waived my rights to challenge this discharge. I only accepted this discharge because there had been delays in obtaining my security clearance and I was uncertain of my future role in the United States Air Force. I was also led to believe that the separation code would not hinder me in any way in civilian life with regard to future employment and that conclusion influenced me to accept the

discharge as given. It has been an obstacle in obtaining gainful employment.

I had a good record prior to the incident which led to my discharge. I am not guilty of the accusations charged to me and trust that I may be reinstated in an honorable discharge so that my deeds may not forever be an obstacle to advancement in civilian life.

Upon consideration of Bernstein's petition, and after affording Bernstein an opportunity to be heard with counsel, The Air Force Discharge Review Board (AFDRB) found no basis existed for changing or correcting the honorable discharge granted to plaintiff. Plaintiff then addressed a request for reconsideration to the Air Force Board for Correction of Military Records (AFBCMR). Bernstein argued that a single instance of the use of marijuana while on active duty was insufficient to characterize him as a drug abuser and that in fact no extended investigation had been made into his drug involvement. The AFBCMR upon consideration of the entire record, concluded that Bernstein had exhausted all remedies but determined that plaintiff had failed to show error or injustice in his discharge. The AFBCMR stated that the AFDRB findings were supported by evidence and concluded that the Secretary of the Air Force had statutory authority to assign reenlistment codes to discharge records. This lawsuit followed plaintiff's failure to obtain correction of his military record or other requested relief through administrative channels.

■ Government defendants in moving to dismiss the complaint or for the entry of summary judgment place principal reliance upon *Maier v. Orr,* 754 F.2d 973 (Fed.Cir. 1985), as authority for the legal proposition that plaintiff's admitted resignation in lieu of discharge resulted in a waiver of his right to challenge the sufficiency of the basis for his discharge. There is some merit to the government's position, however, plaintiff challenges the voluntariness of the waiver. Plaintiff's administrative challenge, liberally construed, sufficiently presented the issues herein for administrative review and thus cannot be dismissed for failure to exhaust administrative procedures. Plaintiff is entitled, pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.,* to have this court review the administrative record and to determine if the action of the Air Force was arbitrary, capricious, an abuse of discretion or not otherwise in accordance with the law. 5 U.S.C. § 706(2)(A).[1]

■ I have carefully reviewed the entire administrative record and find that plaintiff's challenge to the sufficiency of the record is without merit. The record reveals that the Air Force proceeded in accordance with established regulations pursuant to statutory authority. The urinalysis that revealed THC in the urine of plaintiff was ordered because a female friend of Bernstein reported that Bernstein regularly used marijuana and occasionally used heroin while on active duty. Even a limited use of marijuana disqualified Bernstein from receiving the required security clearance to work in his career field. These factors alone are legally sufficient to justify plaintiff's honorable discharge from the U.S. Air Force. The discharge certificate granted to plaintiff conforms to statutory authority given to the Secretary of the Air Force and relevant Air Force regulations. Defendants acted within the scope of their authority and not in violation of any provision of law.

■ Plaintiff argues that he was not correctly counseled by his military attorney. This allegation is contradicted by the waiver he signed and also by the admissions in his application for correction. Statements in the application make clear that plaintiff knew that his honorable discharge would be coded for drug abuse and that he took into consideration the civilian consequence thereof before waiving his right to contest the discharge. Finally, plaintiff argues that there was no extensive investigation as stated in certain Air Force documents. This fact is not disputed by defendants. However, it is undisputed that the Air Force received information that Bernstein

---

1. See order of March 9, 1988 limiting this proceeding to review of the administrative record.

used heroin and marijuana. This communication may not properly be characterized as an extensive investigation, however, it is a sufficient basis for the urinalysis test which disclosed that Bernstein on at least one occasion used marijuana.

Upon review of the entire record, plaintiff has not established that any action of the Air Force was arbitrary, capricious or an abuse of discretion or otherwise not in accordance with law. Accordingly, judgment must be entered in favor of defendants and against plaintiff.

